UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| STEPHEN BUSHANSKY, | Case No._____ |
| Plaintiff, |  |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| LIQUIDIA TECHNOLOGIES, INC., KATHERINE RIELLY-GAUVIN, SETH RUDNICK, RAMAN SINGH, NEAL F. FOWLER, ARTHUR KIRSCH, STEPHEN BLOCH, JOANNA HOROBIN, and RALPH SNYDERMAN, | JURY TRIAL DEMANDED |
| Defendants. |  |

---

Plaintiff Stephen Bushansky ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1.      This action is brought by Plaintiff against Liquidia Technologies, Inc. ("Liquidia" or the "Company") and the members of Liquidia's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on the proposed merger of Liquidia and RareGen, LLC ("RareGen") (the "Proposed Transaction").

2.      On June 29, 2020, Liquidia issued a press release announcing that Liquidia and RareGen had entered into an Agreement and Plan of Merger dated June 29, 2020 (the "Merger

Agreement").  Under the terms of the Merger Agreement, (i) Liquidia and RareGen will become wholly owned operating subsidiaries of a new holding company, Liquidia Corporation ("HoldCo"); (ii) each share of Liquidia common stock will be converted into one share of HoldCo common stock; and (iii) Liquidia will acquire RareGen for 6,166,666 shares of HoldCo common stock, with RareGen members entitled to receive between 1,458,333 and 2,708,333 shares of additional HoldCo common stock based on the amount of 2021 net sales of the generic treprostinil product owned by Sandoz Inc. ("Sandoz") and marketed by RareGen.  Upon closing of the Proposed Transaction, Liquidia stockholders will own, in the aggregate, approximately 86% of HoldCo's outstanding shares, and RareGen stockholders will own approximately 14.0%, with the contingent right to receive up to an additional approximately 6.3% of HoldCo common stock outstanding at the closing of the merger.

3.      On September 17, 2020, RareGen filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Liquidia stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the financial projections for the Company and RareGen as well as the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Jefferies LLC ("Jefferies"); (ii) the background of the Proposed Transaction; and (iii) Jefferies' potential conflicts of interest.  The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Liquidia stockholders need such information in order to make an informed decision whether to vote in favor of the Proposed Transaction.

4.      In short, unless remedied, Liquidia's public stockholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information

concerning the Proposed Transaction being provided to them.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Moreover, Liquidia common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Liquidia.

9.      Defendant Liquidia is incorporated in Delaware, with principal executive offices located at 419 Davis Drive, Suite 100, Morrisville, North Carolina 27560.  Liquidia is a late-stage clinical biopharmaceutical company focused on the development and commercialization of novel

products using its proprietary PRINT technology to transform the lives of patients.  Liquidia's common stock trades on the Nasdaq Global Select Market under the ticker symbol "LQDA."

10.     Defendant Katherine Rielly-Gauvin ("Rielly-Gauvin") has been a director of the Company since October 2019.

11.     Defendant Seth Rudnick ("Rudnick") has been a director of the Company since March 2008.  Defendant Rudnick previously served as Chairperson of the Board from March 2008 until October 2018.

12.     Defendant Raman Singh ("Singh") has been a director of the Company since February 2018.

13.     Defendant Neal F. Fowler ("Fowler") has been Chief Executive Officer ("CEO") and a director of the Company since March 2008.

14.     Defendant Arthur Kirsch ("Kirsch") has been a director of the Company since September 2016.

15.     Defendant Stephen Bloch ("Bloch") has been Chairperson of the Board since October 2018 and a director of the Company since July 2009.

16.     Defendant Joanna Horobin ("Horobin") has been a director of the Company since September 2019.

17.     Defendant Ralph Snyderman ("Snyderman") has been a director of the Company since February 2007.

18.     Defendants identified in paragraphs 10-17 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

19.     RareGen is a portfolio company of PBM Capital Group, LLC ("PBM Capital"), a healthcare investment firm.  RareGen provides strategy, investment, and commercialization for rare disease pharmaceutical products.  RareGen has a national sales force focused on cardiology and pulmonology specialties.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

20.     Liquidia is a late-stage clinical biopharmaceutical company focused on the development and commercialization of novel products utilizing its proprietary PRINT technology to transform patient lives.  PRINT is a particle engineering platform that enables precise production of uniform drug particles designed to improve the safety, efficacy and performance of a wide range of therapies.

21.     Liquidia is currently focused on the development of two product candidates for which it holds worldwide commercial rights: LIQ861 for the treatment of pulmonary arterial hypertension ("PAH"), and LIQ865 for the treatment of local post-operative pain.  LIQ861, for which the Company recently filed a New Drug Application ("NDA") with the U.S. Food and Drug Administration ("FDA"), is an inhaled dry powder formulation of treprostinil designed to improve the therapeutic profile of treprostinil by enhancing deep-lung delivery and achieving higher dose levels than current inhaled therapies.  Liquidia has applied PRINT technology to enable delivery of LIQ861 through a convenient, palm-sized dry powder inhaler ("DPI").

22.     The Company has also applied PRINT technology to its second product candidate, LIQ865, for which it has completed two Phase 1 clinical trials and has initiated Phase 2-enabling toxicology studies.  LIQ865 is designed to deliver sustained-release particles of bupivacaine, a

non-opioid anesthetic, to treat local post-operative pain for three to five days through a single administration.  Additionally, Liquidia recently initiated a pre-clinical program to develop an inhaled product leveraging the benefits of its PRINT technology to engineer particles with precise, uniform, aerodynamic size and shape for deep lung delivery.

**The Proposed Transaction**

23.     On June 29, 2020, Liquidia issued a press release announcing the Proposed Transaction, which states, in relevant part:

> RESEARCH TRIANGLE PARK, N.C., June 29, 2020 -- Liquidia Technologies, Inc. (NASDAQ: LQDA), a late-stage clinical biopharmaceutical company focused on the development and commercialization of novel products using its proprietary PRINT® technology, announced it has entered into a definitive agreement to acquire RareGen, LLC, a portfolio company of PBM Capital, through an all-stock merger.  Liquidia and RareGen will consolidate under a new holding company, to be named Liquidia Corporation, which is expected to trade on the Nasdaq Capital Market under the ticker symbol "LQDA," as the successor to Liquidia Technologies.  RareGen provides strategy, investment, and commercialization for rare disease pharmaceutical products.  RareGen has a small, targeted sales force focused on PAH.

> RareGen acquired the right to promote Sandoz's first-to-file generic of Remodulin® (treprostinil) for the treatment of patients with PAH.  In March 2019, Sandoz and RareGen launched their generic treprostinil injection, making it the first generic of Remodulin® to market. Liquidia Corporation will assume RareGen's responsibilities under the agreement with Sandoz following closing of the merger transaction.

> This acquisition reinforces Liquidia's commitment to the PAH community and continued pursuit to address the unmet needs of patients and the healthcare professionals who treat them.  The potential introduction of LIQ861 as a more convenient inhaled treprostinil over the currently available inhaled option, combined with RareGen's parenteral treprostinil option emphasize Liquidia's commitment to addressing the patient continuum of treatment. In addition, these combined entities further enhance the organization's knowledge base, customer reach and commercial planning in preparation for the potential launch of LIQ861, if approved.

> "The acquisition of RareGen creates tremendous value for Liquidia's stockholders and, most importantly, patients," stated Neal Fowler, Chief Executive Officer of Liquidia.  "RareGen offers a knowledgeable team and scalable sales force, coupled

with rights to commercialize an important PAH product that complements Liquidia's lead product candidate in PAH, LIQ861.  The acquisition of RareGen bolsters Liquidia's ability to advance much needed treatment options for the PAH community."

Following the closing of the merger transaction, Liquidia and RareGen will be wholly owned operating subsidiaries of Liquidia Corporation.  Under the terms of the merger agreement, Liquidia will acquire 100 percent ownership of RareGen for 6,166,666 shares of Liquidia Corporation common stock. RareGen members are entitled to receive between 1,458,333 and 2,708,333 shares of additional Liquidia Corporation common stock if certain RareGen net sales thresholds are met in 2021. The transaction was approved by the boards of directors of Liquidia and RareGen and is expected to close in the fourth quarter of 2020, subject to customary closing conditions, including approval by Liquidia Technologies stockholders and a registration statement on Form S-4 being declared effective by the Securities and Exchange Commission (SEC).  Under the terms of the merger agreement, at the close of the transaction Liquidia Technologies stockholders will receive an identical number of shares of Liquidia Corporation common stock in exchange for their Liquidia Technologies common stock.

At the closing of the merger transaction, two of RareGen's current directors, Paul B. Manning, of PBM Capital Group, a current investor in Liquidia and beneficial owner of a majority of RareGen's equity, and Roger A. Jeffs, Ph.D., former Co-CEO of United Therapeutics, will join the Liquidia Corporation Board of Directors and one member of the current Liquidia Board of Directors will resign, resulting in a nine member board of directors post-closing.

"The combined company formed through this transaction aims to expand access and treatment options for PAH patients," said Paul Manning, President and CEO of PBM Capital Group.  "We are excited about LIQ861 and think it will offer a more convenient, and portable treatment option for inhaled Treprostinil.  RareGen's commitment to, and knowledge in the PAH space will amplify Liquidia's efforts to support this difficult-to-treat patient group.

Certain of Liquidia's stockholders, representing approximately 38.5 percent of its current outstanding common stock, have agreed to vote in favor of the merger agreement.

**The Proxy Statement Contains Material Misstatements or Omissions**

24.     The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Liquidia's stockholders.  The Proxy Statement misrepresents or

omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

25.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the financial projections for the Company and RareGen as well as the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Jefferies; (ii) the background of the Proposed Transaction; and (iii) Jefferies' potential conflicts of interest.

***Material Omissions Concerning the Company's and RareGen's Financial Projections and Jefferies' Financial Analyses***

26.     The Proxy Statement omits material information regarding the Company's and RareGen's financial projections.

27.     For example, with respect to Liquidia's projections, the Proxy Statement sets forth:

> With regard to LIQ861, our management prepared forecasts based on three probability-weighted scenarios to account for a range of uncertainty in approval and timing of launch. The three scenarios included: (i) an FDA approval and launch of LIQ861 in the fourth quarter of 2021; (ii) an FDA approval and launch of LIQ861 in the fourth quarter of 2022; and (iii) an FDA decision not to approve LIQ861.

Proxy Statement at 106.  The Proxy Statement fails, however, to disclose Liquidia management's forecasts based on the third probability-weighted scenario, an FDA decision not to approve LIQ861.

28.     In addition, using RareGen management's forecasts for RareGen (the "RareGen management forecasts"), Liquidia management prepared its own forecasts for RareGen for fiscal years 2020 through 2024 (the "Liquidia management RareGen forecasts").  According to the Proxy Statement, the Liquidia management RareGen forecasts "assumed a smaller branded

market size and lower generic penetration than the RareGen management forecasts, and assumed discounting to branded products to occur earlier than the RareGen management forecasts." *Id.* at 108. The Proxy Statement fails, however, to disclose the details of the assumptions underlying the Liquidia management RareGen forecasts. This information is critical as the Liquidia management RareGen forecasts significantly differ from the RareGen management forecasts. For example, the Liquidia management RareGen forecasts resulted in cumulative unlevered free cash flows for the years 2020-2024 that were $31.5 million, or approximately 59%, lower than the unlevered free cash flow projections for the same time period for the RareGen management forecasts.

29.     The Proxy Statement also fails to disclose the line items underlying the calculation of unlevered free cash flows for each of Liquidia and RareGen, utilized by Jefferies in its discounted cash flow analyses. Specifically, with respect to Liquidia management's Liquidia forecasts, the Proxy Statement fails to disclose: (i) capital expenditures; (ii) change in net working capital; and (iii) amortization and depreciation expense. With respect to the RareGen management forecasts and Liquidia management RareGen forecasts, the Proxy Statement fails to disclose: (i) capital expenditures; (ii) interest; (iii) tax expense; (iv) amortization (excluding amortization of acquired intangibles); (v) depreciation; and (vi) changes in working capital.

30.     The Proxy Statement also omits material information regarding Jefferies' financial analyses.

31.     The Proxy Statement describes Jefferies' fairness opinion and the various valuation analyses it performed in support of its opinion. However, the description of Jefferies' fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Liquidia's public stockholders are unable to fully

understand these analyses and, thus, are unable to determine what weight, if any, to place on Jefferies' fairness opinion in determining whether to vote in favor of the Proposed Transaction.

32.     With respect to Jefferies' *RareGen Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rate range of 9.7% to 10.7%; (ii) the terminal values for the Company; and (iii) the implied terminal multiples resulting from the analysis.

33.     With respect to Jefferies' *Liquidia Technologies Sum of the Parts Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rate range of 9.7% to 10.7%; (ii) the terminal values for the Company; and (iii) the implied terminal multiples resulting from the analysis.

34.     Without such undisclosed information, Liquidia stockholders cannot evaluate for themselves whether the financial analyses performed by Jefferies were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction.  In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which Jefferies' opinion and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction.

35.     The omission of this material information renders the statements in the "Certain Liquidia and RareGen Forward-Looking Financial Information" and "Opinion of Jefferies LLC" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background of the Proposed Transaction*

36.    The Proxy Statement fails to disclose material information regarding the background process leading to the Proposed Transaction.

37.    According to the Proxy Statement, in connection with its outreach beginning in the third quarter of 2019, Liquidia entered into a confidentiality agreement with RareGen and "several other third parties."  *Id.* at 90.  The Proxy Statement, however, fails to set forth whether the confidentiality agreements Liquidia entered into with the other third parties include a standstill provision that is still in effect and/or a "don't-ask, don't-waive" standstill provision that is presently precluding these parties from submitting a topping bid for the Company.

38.    This information is material to Liquidia's stockholders as a reasonable Liquidia stockholder would find it material and important to their voting decision to know whether or not a party that had previously been interested in a potential combination is now foreclosed from submitting a superior proposal.

39.    The omission of this material information renders the statements in the "Background of the Merger Transaction" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Jefferies' Potential Conflicts of Interest*

40.    The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Jefferies.

41.    The Proxy Statement sets forth:

In the past two years, Jefferies has provided financial advisory and financing services to our company, including (i) acting as a bookrunner for the initial public offering of our common stock in July 2018, (ii) acting as a bookrunner in an offering of our common stock in March 2019, (iii) acting as a placement agent in a private placement of our common stock in December 2019, and (iv) acting as a placement agent for our ATM facility in December 2019-

February 2020, for which we have received aggregate fees of less than $5.0 million. Jefferies acted as a bookrunner in a public offering of our common stock in July 2020, for which Jefferies received a fee of $3.87 million**.** In addition, Jefferies maintains a market in the securities of our company, and in the ordinary course of its business, Jefferies and its affiliates may trade or hold securities of our company, RareGen, HoldCo and/or our or their respective affiliates for its own account and for the accounts of its customers and, accordingly, may at any time hold long or short positions in those securities. In addition, Jefferies may seek to, in the future, provide financial advisory and financing services to our company, RareGen, HoldCo or entities that are affiliated with us, RareGen or HoldCo, for which Jefferies would expect to receive compensation.

*Id.* at 104-05. The Proxy Statement fails, however, to disclose whether Jefferies has performed any services for RareGen, PBM Capital, or their affiliates in the two years preceding the date of its fairness opinion, and, if so, the amount of compensation received in connection with such services.

42. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives

43. The omission of this material information renders the statements in the "Opinion of Jefferies LLC" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

44. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Liquidia will be unable to make an informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

45.     Plaintiff repeats all previous allegations as if set forth in full.

46.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

47.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the Company management's financial projections for Liquidia and RareGen, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Jefferies, the background of the Proposed Transaction, and Jefferies' potential conflicts of interest. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

48.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

49.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

50.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for Violations
of Section 20(a) of the Exchange Act**

51.     Plaintiff repeats all previous allegations as if set forth in full.

52.     The Individual Defendants acted as controlling persons of Liquidia within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Liquidia, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

55.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

56.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

57.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Liquidia stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Liquidia, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Liquidia stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  October 7, 2020                          **WEISSLAW LLP**

                                                         By _____
                                                             Richard A. Acocelli
                                                             1500 Broadway, 16th Floor
                                                             New York, New York 10036
                                                             Tel: (212) 682-3025
                                                             Fax: (212) 682-3010
                                                             Email: racocelli@weisslawllp.com

                                                             *Attorneys for Plaintiff*